JOHN C. TALTY, PLAINTIFF, v. BOARD OF EDUCATION OF THE SCHOOL DISTRICT OF THE CITY OF HOBOKEN, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 21, 1950.

*Mr. Joseph P. Hanrahan,* for the plaintiff.

*Mr. Thomas J. Brogan,* for the defendant.

PROCTOR, J. S. C.   On September 1, 1939, plaintiff, an honorably discharged veteran of World War I, was appointed medical inspector in the school system of Hoboken by resolution of the board of education.   No term was fixed by this resolution nor by any subsequent resolution.   Plaintiff served as medical inspector until July 1, 1949, when his appointment was terminated by a resolution adopted by defendant board on June 20, 1949.

Plaintiff was appointed pursuant to *R. S.* 18:14–56, which, in 1939, provided:

"Every board of education shall employ a competent physician to be known as the medical inspector, and may also employ a nurse, and fix their salaries and terms of office. The board of education may appoint more than one medical inspector and more than one nurse."

In 1947 the statute was amended requiring the medical inspector to be licensed to practice medicine and surgery within the State. *P. L.* 1947, *c.* 148, *p.* 641, § 23. This amendment is not pertinent.

The sole issue in this case, as set forth in the pretrial order, is whether or not the plaintiff has tenure by reason of his status as an honorably discharged veteran under *R. S.* 38:16–1, as amended *P. L.* 1942, *c.* 83, *p.* 326, § 1.

It has been adjudicated that a local board of education is a non-continuous body of necessity organizing each year and that the board has no power to fix a term for medical inspector beyond the life of the board. *Skladzien v. Board of Education of Bayonne*, 12 *N. J. Misc.* 602 (*Sup. Ct.* 1934) ; affirmed, 115 *N. J. L.* 203 (*E. & A.* 1935). It has also been determined that if the board, in the appointing resolution, fails to fix the term then, in the absence of statute, presently in force, or ordinance or rule under legislative sanction, the term is for one year, being coterminus with that of the appointing power. *Evans v. Board of Education of Gloucester City*, 13 *N. J. Misc.* 506 (*Sup. Ct.* 1935) ; affirmed, 116 *N. J. L.* 448 (*E. & A.* 1936).

If the rulings in the above decisions were controlling at present, it is clear that plaintiff's appointment would be construed as being for a fixed term, and consequently he would be excluded from the protection of *R. S.* 38:16–1 (Veterans' Tenure Act), as this act does not apply to an appointment for a term "fixed by law."

However, in 1942 *R. S.* 38:16–1 was amended as follows:

"For the purposes of this section (*R. S.* 38:16–1) no term of office, position or employment of any person shall be deemed to be fixed by law or coterminus with that of the employing or appointing board or

body by reason of the fact that such person was or is appointed or employed by a noncontinuous board or body; *provided, however*, that in no event is it intended that this act shall apply to appointments made for a fixed or stated period of time." (*P. L.* 1942, *c.* 83, *p.* 326, § 1.)

Therefore, it is clear that by the above amendment the intent of the Legislature was to nullify the effect of the *Skladzien* and *Evans* cases, *supra*, where the appointee is an honorably discharged veteran and where the statute does not require the appointing power to fix a term and the resolution, appointing him, did not fix a term. *Fox v. Board of Education of Newark*, 129 *N. J. L.* 349 (*Sup. Ct.* 1943); affirmed, 130 *N. J. L.* 531 (*E. & A.* 1943). *Cf. Burke v. Kenny,* 9 *N. J. Super.* 160 (*App. Div.* 1950); *Board of Education of Cedar Grove v. State Board of Education*, 115 *N. J. L.* 67 (*Sup. Ct.* 1935).

Defendant attempts to distinguish *Fox v. Newark, supra,* from the present situation on the ground that in that case the plaintiff was appointed under *R. S.* 18:6–27, whereby the board was empowered to appoint certain executives, "* * * and other officers, agents and employees as *may* be needed, and *may* fix their compensation and terms of employment * * *;" that the above provision did not *require* the appointee be named for a fixed term, and, therefore, Fox, a veteran, was protected by *R. S.* 38:16–1. Defendant argues that *R. S.* 18:14–56 requires the term of medical inspector to be fixed and urges that the office is beyond the protection of the Veterans' Tenure Act, notwithstanding that no term was actually fixed by the appointing power.

However, our Court of Errors and Appeals has construed *R. S.* 18:14–56 as granting the board of education the right of administration only, with its essential incidents, which do not possess the quality of legislation. *Skladzien v. Board of Education of Bayonne, supra.* This interpretation of the statute was not nullified by the 1942 amendment to the Veterans' Tenure Act (*R. S.* 38:16–1). Therefore, it appears that *R. S.* 18:14–56 did not require the board to fix a term for the office of medical inspector, but it did empower

the board to fix a term for the board's duration or for a period less than its duration. This power is an essential incident of administration. No term having been fixed by the resolution appointing plaintiff to the office, it may reasonably be said that the Legislature intended, in enacting the amendment of 1942 (*P. L.* 1942, *c.* 83), to protect an honorably discharged veteran in such a situation as is now before the court.

Defendant further attempts to distinguish the *Fox* case on the basis that the Legislature intended Fox to have tenure because of the following language in the statute (*R. S.* 18:6–27): "* * * No such employee shall be dismissed or subjected to reduction in salary except for inefficiency, incapacity * * * and after a written charge of the cause * * * shall have been preferred against him or her * * *." The above language applies only to persons holding secretarial or clerical positions. Fox was not in either category, but was "legal assistant to the Board of Education."

Defendant contends that the case of *Burke v. Kenny, supra,* is dispositive of the present case. The writer of this memorandum sat as the trial judge in that case. In the *Burke* case the Appellate Division held that the statute, *R. S.* 40:73–7, bestowed upon the commissioners of Jersey City not only the *power* but also the *duty* to fix the term of office of city clerk; therefore, the appointment was considered to be "for a fixed or stated period of time" and was not embraced within the legislative intent as expressed in *R. S.* 38:16–1. In the present case, I find no legislative mandate to the board to fix a term for a medical inspector. True, the board is required to appoint a medical inspector. However, it "may" appoint a nurse. The clause "and fix their salaries and terms of office" refers to both medical inspector and nurse. I see nothing mandatory about this provision, especially when it has been determined that the board has no legislative power to fix a term. *Skladzien v. Board of Education, supra.*

In the light of the existing law, as declared in the *Skladzien* and *Evans* cases, *supra,* at the time the 1942 amendment

was enacted, it is reasonable to assume that the Legislature intended that honorably discharged veterans would be in a class protected by tenure, when appointed under *R. S.* 18:14–56, where no term is fixed in the appointing resolution.

The plaintiff is entitled to judgment.